UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
DANIEL GRANOVETTER                              Civil Action No: 11-CV-3343
on behalf of himself and all others             (SJT) (CLP)
similarly situated,

                            Plaintiff,

                                              **ANSWER**

                 against

GLOBAL CREDIT & COLLECTION CORP.,

                            Defendant.
------------------------------------------x

      Defendant GLOBAL CREDIT & COLLECTION CORP. ("Defendant"), by its attorneys, Kaufman Dolowich Voluck & Gonzo LLP, responds to the Complaint of Plaintiff, DANIEL GRANOVETTER ("Plaintiff"), an individual, as follows:

### Nature of the Action

      1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies the remainder of the allegations set forth therein.

### Parties

      2.    Answering Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge of Plaintiff's residency status and can neither admit nor deny the allegations contained therein and on that basis denies those allegations.

      3.    Answering Paragraph 3 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those

allegations. Defendant defers all questions of law to the Court.

4. Answering Paragraph 4 of the Complaint, Defendant admits that it is a Delaware corporation with its principal place of business located in Williamsville, New York.

5. Answering Paragraph 5 of the Complaint, Defendant admits each and every allegation.

6. Answering Paragraph 6 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations. Defendant defers all questions of law to the Court.

### Jurisdiction and Venue

7. Answering Paragraph 7 of the Complaint, Defendant admits that jurisdiction would be proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, if Plaintiff had a valid FDCPA claim, but Defendant denies that Plaintiff has any such claim herein.

8. Answering Paragraph 8 of the Complaint, Defendant admits that venue would be proper pursuant to 28 U.S.C. §1391(b) if Plaintiff had a claim, but Defendant denies that Plaintiff has any such claim herein.

9. Answering Paragraph 9 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

10. Answering Paragraph 10 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

11. Answering Paragraph 11 of the Complaint, Defendant has insufficient information

to either admit or deny the allegations contained therein and on that basis denies those allegations.

12. Answering Paragraph 12 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

13. Answering Paragraph 13 of the Complaint, Defendant incorporates paragraphs 1-12 of its Answer.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation.

15. Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint, and each cause of action contained therein, fails to state a viable cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

17. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### THIRD AFFIRMATIVE DEFENSE

18. Defendant did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith

with respect to its communications with Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

19. Assuming, *arguendo*, that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH AFFIRMATIVE DEFENSE

20. If Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692k.

## SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

22. As a further, separate, and alternative defense, Defendant asserts that Plaintiff has not and cannot establish that this action should be certified as a class action, as Plaintiff cannot establish the requirements of FRCP 23, including, but not limited to, numerosity of plaintiffs, common questions of law or fact, and/or typicality of claims, predominance, adequacy of representation, superiority, and moves to dismiss all allegations pertaining to this action as a "Class Action" on those grounds.

## EIGHTH AFFIRMATIVE DEFENSE

23. The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount

to and constitute a waiver or consent of such claims and any relief sought thereby.

### NINTH AFFIRMATIVE DEFENSE

24. As a separate, affirmative defense, Defendant reserves its right to compel arbitration.

### TENTH AFFIRMATIVE DEFENSE

25. As a separate, affirmative defense, Defendant asserts that it had consent to call the phone number at issue, either via prior express consent or implied consent.

### ELEVENTH AFFIRMATIVE DEFENSE

26. As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system.

### TWELFTH AFFIRMATIVE DEFENSE

27. As a separate, affirmative defense, Defendant asserts that any calls to Plaintiff were made pursuant to an existing business relationship.

### THIRTEENTH AFFIRMATIVE DEFENSE

28. As a separate, affirmative defense, Defendant asserts that any calls to Plaintiff were commercial calls that do not adversely affect privacy rights and/or did not transmit an unsolicited advertisement.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Dated: Woodbury, New York
      November 8, 2011      KAUFMAN DOLOWICH VOLUCK & GONZO LLP

By: Yale Pollack
Attorneys for Defendant
Global Credit & Collection Corp.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
(516) 681-1101 FAX
ypollack@kdvglaw.com

4852-7074-1261, v. 1